STERN v. UNITED STATES (No. 2691)[1]

1. LEATHER—SKINS.
   Leather is made by tanning skins or otherwise dressing them for use, for the purpose, principally, of overcoming the tendency to putrefaction, securing suppleness in the material, rendering it impervious to and unalterable by water, and increasing its strength and durability. Leather and skins are different things.

2. GOAT-LEATHER HATS.
   Hats made of goat leather are classifiable under paragraph 1432, Tariff Act of 1922, as manufactures of leather, rather than under paragraph 1420, as articles of wearing apparel composed of goat skin. *Wanamaker* v. *United States*, 13 Ct. Cust. Appls. 93, T. D. 40939, distinguished.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 49515

[Affirmed.]

*Allan R. Brown* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

[Oral argument March 31, 1926, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The issue in this case is one of law only and is whether finished ladies' hats made of goat leather, not goat skins with the fur or hair on, are dutiable as manufactures of leather, not specially provided for, under paragraph 1432 of the Tariff Act of 1922 as classified and assessed, or are dutiable under paragraph 1420 of the act as articles of wearing apparel composed of goat skins, not specially provided for, as claimed by the importer.

The relevant parts of the respective paragraphs are as follows:

PAR. 1432. * * * manufactures of leather, rawhide, or parchment or of which leather, rawhide, or parchment is the component material of chief value, not specially provided for, 30 per centum ad valorem;

PAR. 1420. * * * articles of wearing apparel of every description partly or wholly manufactured, composed wholly or in chief value of hides or skins of cattle of the bovine species or of dog or goat skins, and not specially provided for, 15 per centum ad valorem; articles of wearing apparel of every description wholly or in part manufactured, composed wholly or in chief value of fur, not specially provided for, 50 per centum ad valorem.

No evidence was introduced by either party before the Board of General Appraisers other than a representative sample and the appraisers' return. That tribunal, without considering the legal

---
[1] T. D. 41547.

question involved, overruled the protest on the ground that the collector's classification was presumed to be correct.

Importers rely much upon the decision of this court in *Wanamaker* v. *United States*, 13 Ct. Cust. Appls. 93, T. D. 40939, in which we held that the provision for wearing apparel of goat skins in paragraph 1420 was more specific than the provision for articles of wearing apparel composed wholly or in chief value of fur, in the same paragraph.

In that case the merchandise was dyed kid-skin jackets with the hair on, and the only question determined was, that as kid skins were, for tariff purposes, goat skins, the provision for wearing apparel made of goat skins was more specific than the one for wearing apparel made of fur, it being assumed that the kid skins there in question were fur. There was nothing to show, nor was it claimed, that they were leather; neither was there any claim that goat skins when converted into leather, no hair or fur remaining thereon as in this case, could still be regarded as goat skins under paragraph 1420.

Leather is made by tanning skins or otherwise dressing them for use, for the purpose, principally, of overcoming the tendency to putrefaction, securing suppleness in the material, rendering it impervious to and unalterable by water, and increasing its strength and its power to resist wear and tear. Encyclopædia Britannica and Webster's New International Dictionary.

Various methods may be employed to produce these results but we have no doubt there is, in common understanding, a different meaning attaching to the word "leather" and the word "skin." It may be that as to some articles the line of demarcation between *leather* and *skin* will not always be clear. It may be affected by the use to which the article is devoted, by commercial designation, or by other considerations not necessary to mention. We are clear, however, that the leather of which these hats are made is not goat skin in the sense that term is used in paragraph 1420.

The importers' contention is, in effect, that all leather may be regarded as skins. If adopted, it would, in many instances eliminate the distinction between leather and skins which has plainly been recognized by Congress in various provisions of the present as well as former tariff acts.

The hats under consideration here are made of goat leather and are a manufacture of leather. As such they are provided for in paragraph 1432. Though articles of wearing apparel, they are not composed of goat skins within the scope of paragraph 1420 because they are not made of skins, but of leather.

The judgment of the Board of General Appraisers is *affirmed.*